# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DEVISION

| | |
|---|---|
| N5 TECHNOLOGIES, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. _____ |
| ) | |
| BANK OF AMERICA CORP. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff N5 Technologies, LLC ("N5") files this complaint for patent infringement against Defendant Bank of America Corp. ("Bank of America").

## PARTIES

1. N5 is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its Registered Office and principal place of business at 10432 Balls Ford Road, Suite 300, Manassas, Virginia 20109.

2. On information and belief, Bank of America is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina 28255.

3. N5 is the owner of U.S. Patent No. 7,197,297 to Myles, *et al.*, titled "Authentication Method for Enabling a User of a Mobile Station to Access to Private Data or Services" ("the '297 Patent").

4. Bank of America directly or indirectly distributes, markets, sells and/or offers to sell throughout the United States, including in this judicial district, a banking product and/or service known as "Mobile Banking" through which the Defendant provides certain information to its customers and allows them to perform certain banking transaction through the use of mobile devices.

## JURISDICTION AND VENUE

5. This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Bank of America conducts substantial business in this judicial district and regularly solicits business from, does business with, and derives revenue from goods and services provided to, customers in this district, and has committed acts of patent infringement in this judicial district and such acts are continuing. Because Bank of America has committed acts of patent infringement in this judicial district, and/or is otherwise present and doing business in this judicial district, this Court has personal jurisdiction over Bank of America.

8. Because Bank of America has committed acts of patent infringement in this judicial district and because Bank of America provides services and/or products in this judicial district, does business in this judicial district, and otherwise has minimum contacts here, venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## **COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,197,297**

9. N5 realleges and incorporates herein by reference the allegations stated in paragraphs 1-8 of this Complaint.

10. The United States Patent and Trademark Office duly and legally issued the '297 Patent on March 27, 2007, to the inventors Colin Myles and Richard Owen. N5 is the owner by assignment of all right, title and interest in and to the '297 Patent, including the right to sue, enforce and recover damages for all past, present, and future infringements of the patent. A true and correct copy of the '297 Patent is attached as Exhibit A.

11. Bank of America has infringed and is continuing to infringe, literally or through the doctrine of equivalents, directly, and/or jointly, one or more claims of the '297 Patent, by making, using, offering to sell and/or selling in this judicial district and elsewhere within the United States and/or importing into the United States Mobile Banking products and services that are within the scope of at least claim 1 of the '297 patent, constituting infringement under 35 U.S.C. § 271 (a).

12. In particular, N5 is informed and believes, and based thereon alleges, that Bank of America operates a mobile banking service which enables a registered bank customer to use a mobile phone or device to access private data associated with the customer's bank account(s) over a public telephone/data network. The service includes the bank authenticating the customer through the use of the customer's mobile phone number and/or other information connected with the customer and the customer's bank account(s) upon receiving the customer's inquiry through SMS messaging or other means, which is controlled and/or executed at the direction of Bank of America. Moreover, through their marketing, packaging, product literature, user manuals, technical support, and other published and electronic materials and resources related to the Bank

of America mobile banking service, Bank of America actively encouraged and specifically intended its customers to use the mobile banking service as directed by Bank of America in the United States in a manner that directly infringes the asserted claims of '297 Patent.

13. Bank of America's acts of infringement have caused damage to N5 and N5 is entitled to recover from Bank of America the damages sustained by N5 as a result of Bank of America's wrongful acts in an amount subject to proof at trial. Bank of America's infringement of N5's exclusive rights under the '297 Patent will continue to damage N5, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Bank of America's infringement is willful and deliberate, as Bank of America became aware of the infringing nature of its Mobile Banking products and services at the latest when they received a copy of N5's complaint, entitling N5 to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, N5 prays that it have judgment against Bank of America for the following:

(1)   Adjudging that Bank of America has infringed the '297 Patent;

(2)   Permanently enjoining and restraining Bank of America and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association, active concert or participation with it, from further acts of infringement of any asserted claim of the '297 Patent;

(3)   Awarding damages to N5, together with both pre-judgment and post-judgment interest;

(4)   Awarding increased damages pursuant to 35 U.S.C. § 284;

(5)     Finding this action constitutes and exceptional case pursuant to 35 U.S.C. § 285;

(6)     Awarding N5 all of its costs in this action, including attorneys' fees and expenses; and

(7)     Awarding such other and further relief, at law or in equity, to which N5 is justly entitled.

## JURY DEMAND

N5 hereby demands a jury trial on all issues so triable.

Dated:  October 25, 2012

Respectfully submitted,

/s/Andrew W. Spangler
Andrew W. Spangler
Texas State Bar #24041960
Spangler & Fussell P.C.
208 N. Green Street, Suite 300
Longview, TX 75601
903-753-9300
Facsimile: 903-553-0403
spangler@sfipfirm.com


James A. Fussell, III
Arkansas State Bar #2003193
Spangler & Fussell P.C.
211 N. Green Street, Suite 100
Alexandria, VA 22314
903-753-9300
Facsimile: 903-553-0403
fussell@sfipfirm.com

***Attorneys for Plaintiff N5 Technologies, LLC***